## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KYMONTUS L. MCSHAN,**

          **Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

          **Respondent.**

**Case No. 23-CV-00869-SPM**

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Kymontus McShan, an inmate currently incarcerated at the United States Penitentiary in Marion, Illinois brings the instant action to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). He alleges seven counts of ineffective assistance of counsel. (*Id.*). The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts.

On November 16, 2021, McShan pled guilty to Hobbs Act robbery in violation of 18 U.S.C. §§ 1951, 2 (Counts 1 and 2) and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(l)(A)(ii) (Count 3). *See United States v. McShan*, 21-cr-30116-SPM (S.D. Ill. 2022), (Doc. 22). This Court sentenced McShan to 46 months imprisonment as to Counts 1 and 2 and 84 months as to Count 3 to run consecutively. *See id.*, (Doc. 39).

McShan filed the instant Petition attacking his sentence on March 16, 2023. (*See* Doc. 1). He raises various claims of ineffective assistance of counsel, including

that his counsel purportedly: (1) failed to challenge the use of his juvenile record, (2) failed to proceed with a juvenile certification hearing, (3) failed to move to suppress evidence from a warrantless cell phone search, (4) advised McShan to waive his rights "without explaining why or ramifications," (5) failed to file a direct appeal or explain the appeal process, (6) failed to protect McShan's "right to a speedy trial," and (7) failing to argue that his prosecution was "outside the scope of Constitutional authority." (*See* Doc. 1).

McShan thus raises one issue: whether or not his counsel was ineffective. *Id.* Without commenting on the merits of the claim, the Court concludes that the Petition survives preliminary review under Rule 4. Given the limited record, it is not plainly apparent that McShan is not entitled to habeas relief.

<h3 style="text-align:center">DISPOSITION</h3>

**IT IS HEREBY ORDERED** that Respondent United States of America shall answer or otherwise plead on or before December 6, 2023. This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present.

Cooper is **ADVISED** of his continuing obligation to keep the Clerk of Court (and opposing parties) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failing to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   November 6, 2023**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**