IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KYMONTUS L. MCSHAN,**

               **Petitioner,**

v.

**UNITED STATES OF AMERICA,**

               **Respondent.**

Case No. 23-CV-00869-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Kymontus L. McShan, an inmate currently incarcerated at the United States Penitentiary in Marion, Illinois, brings the instant action to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). He alleges seven counts of ineffective assistance of counsel. (*Id.*). For the following reasons set forth, the Motion is **DENIED**.

### RELEVANT FACTS AND PROCEDURAL HISTORY

On November 16, 2021, McShan pleaded guilty to Hobbs Act robbery in violation of 18 U.S.C. §§ 1951, 2 (Counts 1 and 2) and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(l)(A)(ii) (Count 3). *See United States v. McShan*, No. 21-cr-30116-SPM (S.D. Ill. 2022) (Doc. 22). This Court sentenced McShan to 46 months imprisonment as to Counts 1 and 2 and 84 months imprisonment as to Count 3, which would run consecutively. *See id.* (Doc. 39).

McShan filed the instant Petition attacking his sentence on March 16, 2023. (*See* Doc. 1). In his Petition, McShan raises various claims of ineffective assistance of

counsel,[1] including that his counsel purportedly: (1) failed to challenge the use of his juvenile record, (2) failed to proceed with a juvenile certification hearing, (3) failed to move to suppress evidence from a warrantless cell phone search, (4) advised McShan to waive his rights "without explaining why or ramifications," (5) failed to file a direct appeal or explain the appeal process, (6) failed to protect McShan's "right to a speedy trial," and (7) failed to argue that his prosecution was "outside the scope of Constitutional authority." (Doc. 1; *see* Doc. 4). The Government filed a Response on December 11, 2024. (Doc. 12).

## APPLICABLE LEGAL STANDARDS

Relief under 28 U.S.C. § 2255 is limited. Unlike a direct appeal, in which a defendant may complain of nearly any error, § 2255 may be used only to correct errors that litigate the sentencing court's jurisdiction or are otherwise of constitutional magnitude. The United States Court of Appeals for the Seventh Circuit has emphasized that relief under § 2255 is "available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878 (7th Cir. 2013) (quoting *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996)); *see Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004); *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991). Section 2255 cannot be used as a substitute for a direct appeal or to relitigate issues decided on direct

---

[1] The bulk of McShan's claims are directed at Attorney Robert Bas, whom McShan's mother retained to represent McShan after his first juvenile certification hearing. (*See* Doc. 12, Exs. 4, 5). Claim 4 is directed at Attorney Preston Humphrey, Jr., who was the Assistant Federal Public Defender initially assigned to represent McShan prior to Attorney Bas's retention. (*See* Doc. 12, p. 12).

appeal. *See Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004); *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003), *cert. denied*, 540 U.S. 926 (2003).

Section 2255 requires a court to vacate, set aside, or correct the sentence of a prisoner in custody if it finds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. "[R]elief under § 2255 is an extraordinary remedy because it asks the district court to essentially reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007).

## ANALYSIS

### I. Ineffective Assistance of Counsel

McShan raises various claims of ineffective assistance of counsel, which may be brought for the first time under a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. James*, 635 F.3d 909, 916 (7th Cir. 2011). Under the law of this Circuit, because counsel is presumed effective, McShan "bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Trevino,* 60 F.3d 333, 338 (7th Cir. 1995). Ineffective assistance of counsel claims are evaluated under the two-prong test first enumerated in *Strickland v. Washington*, 466 U.S. 688, 690, 694 (1984). *See McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007) (citing *Strickland*, 466 U.S. at 690, 694). "The Sixth

Amendment right of effective assistance of counsel applies to a criminal defendant's trial, sentencing, and the first appeal of right." *Jones v. Welborn,* 877 F. Supp. 1214, 1219 (S.D. Ill. 1994).

Under *Strickland*, the defendant "must demonstrate: (1) 'that counsel's performance was deficient,' and (2) 'that the deficient performance prejudiced the defense.'" *Thompson v. Vanihel,* 998 F.3d 762, 767 (7th Cir. 2021) (quoting *Strickland,* 466 U.S. at 687). To satisfy the performance prong, the defendant must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689. To prove prejudice, the defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Court is not required to analyze both the performance and prejudice prong, because the failure to satisfy either prong will be fatal to the claim. *See Ebbole v. United States,* 8 F.3d 530, 533 (7th Cir. 1993); *United States v. Slaughter,* 900 F.2d 1119, 1124 (7th Cir. 1990).

A.  **Failure to Challenge Juvenile Record**

McShan first argues that Attorney Bas, his retained counsel, was ineffective "for failing to correct the improper use of his juvenile criminal record to enhance his sentence." (Doc. 4, p. 9). He cites emails exchanged between the U.S. Attorney's Office and his counsel's office which McShan claims indicate that his criminal history points were improperly calculated. (*See id.*, p. 4). In accordance with § 4A1.2 of the U.S. Sentencing Guidelines Manual and Seventh Circuit precent, McShan argues that it "is plain error to count a juvenile conviction properly excludable under subsection

4A1.2(d)." (*Id.* (citing *United States v. Spears*, 159 F.3d 1081, 1088 (7th Cir. 1998); U.S. Sent'g Guidelines Manual § 4A1.2(d) (U.S. Sent'g Comm'n 2023) [hereinafter "Sentencing Guidelines"]; *United States v. Jones*, 528 F. App'x 627 (7th Cir. 2013))).

The Government argues that McShan misinterpreted the email exchange in question; they argue that this correspondence sought to clarify whether McShan would receive one or two points for each juvenile conviction, not whether or not his convictions should be excluded entirely. (*See* Doc. 12, p. 7). They argue that the assessment of one point for each of McShan's four juvenile adjudications was in accordance with § 4A1.2(d)(2)(B) of the Sentencing Guidelines and with *Spears*. (*See* Doc. 12, p. 7–8 (citing *Spears* at 1088)).

Here, the Sentencing Guidelines are clear that, for offenses committed prior to age eighteen, "add 1 point under § 4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense not covered in (A)." *Id.* § 4A1.2(d)(2)(B). *Spears* and *Jones* both confirm this. *See Spears* at 1088 ("According to the United States Sentencing Commission Guidelines Manual, only an offense committed before the age of 18 that resulted in a conviction as an adult or that was committed within five years of the instant offense may be included in a defendant's criminal history score." (citing Sentencing Guidelines § 4A1.2(d)); *Jones* at 630–31 ("The [1995] conviction did not support points for two reasons: Jones was a minor at the time of the offense [which occurred sixteen years before sentencing], *see* U.S.S.G. § 4A1.2(d), and he was given a sentence of less than one year, *see id.* § 4A1.2(e)."). Thus, *Spears* supports the allocation of points and *Jones* is distinguishable, as the defendant's prior juvenile conviction was over sixteen years

previously. *See Spears* at 1088; *Jones* at 630–31. Here, McShan's prior juvenile convictions all occurred in 2019 (less than five years before his sentencing on March 11, 2022) and were thus properly assessed in calculating McShan's criminal history. Therefore, as there was no error, McShan's counsel was not ineffective for failing to object to a proper criminal history calculation; such an objection would have been frivolous. Considering the above, McShan's first claim is meritless.

**B.    Failure to Proceed with Juvenile Certification Hearing due to Government Coercion**

McShan next argues that Attorney Bas was ineffective for failing to proceed with a juvenile certification hearing because of the Government's "unethical coercion" in "stack[ing] brandishing charges." (Doc. 4, p. 10). The Government argues that McShan "cites no law in support of his position" and that his claims are "vague, conclusory, or palpably inaccurate." (Doc. 12, pp. 8–9 (quoting *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2017); *Galbraith v. United States*, 313 F.3d 1001, 1009–10 (7th Cir. 2002))). The Government argues that prosecutorial discretion provides prosecutors with leeway on whether or not to bring charges and points to McShan's statements made under oath at his juvenile transfer hearings during which McShan clearly stated that no one was pressuring him to waive his rights. (*See id.*, pp. 9–10).

There is a strong presumption "that representations made to a court during 'a plea colloquy are presumed to be true,'" *Hurlow v. United States*, 726 F.3d 958, 968 (7th Cir. 2013) (quoting *United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008)), and a defendant must advance a "compelling explanation" for the variance between

his statements under oath and arguments advanced afterward. *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005) (citing *United States v. Stewart*, 198 F.3d 984 (7th Cir. 1999); *United States v. Messino*, 55 F.3d 1241, 1248 (7th Cir. 1995); *United States v. Ellison*, 835 F.2d 687, 693 (7th Cir. 1987)).

The Court remembers this case very clearly. McShan was questioned under oath by the Court at both juvenile transfer hearings and subsequently at his change of plea hearing. (*See id.*, Ex. 1, 2, 3). The Court engaged in a lengthy colloquy with McShan at all three hearings; McShan responded in the affirmative when asked if he understood the consequences of agreeing to waive his rights, of the government proceeding against him as an adult, and of accepting an open plea bargain. (*See id.*, Ex. 1, pp. 13–20; Ex. 2, pp. 13–22; Ex. 3, pp. 20–21). Moreover, the Court had *two* opportunities to question McShan about the waiver of his juvenile rights, as the Court granted McShan's motion to withdraw his waiver before accepting it again at the second transfer hearing. (*See id.*, Exs. 1, 2). As the Government notes, the Court specifically stated:

> I think that your waiver is knowing and it's voluntary. This is the second time we've been through this. And while at the last hearing, you had a few questions, you seemed to express some confusion, you did want a lengthy break to discuss things with your then-attorney and your mom. Today I'm not sensing any hesitancy on your part, any confusion or reticence.

(*Id.*, Ex. 2, pp. 21–22).

As the Court discussed at McShan's plea hearing, the crimes with which McShan was charged are incredibly serious. (*See id.*, Ex. 3). Additionally, the Government chose not to move forward with a second 18 U.S.C. § 924(c) count in the

Indictment sought in this case. (*See* Doc. 12, Ex. 3, pp. 3–4); *United States v. McShan*, No. 21-cr-30116-SPM-1 (S.D. Ill. 2022) (Doc. 1). The Court expressly explained to McShan at his plea hearing that there were serious consequences associated with waiver of his rights and with acceptance of an open plea. (*See* Doc. 12, Ex. 3, pp. 16–32).

Here, McShan's single-paragraph argument is insufficiently compelling. His argument does not impugn the veracity of his statements that he was not being coerced at both juvenile transfer hearings and his statements at his plea hearing. He provides no evidence of his attorney's "unethical coercion" and, thus, his counsel's performance is presumed to be effective. (Doc. 4, p. 10). Because of the foregoing, McShan's second claim is meritless as he has failed to meet the required standard to challenge his own testimony.

**C.     Failure to Move to Suppress Evidence**

McShan next argues that he instructed Attorney Bas to move to suppress evidence gleaned from McShan's mobile phone, including pictures, text messages, and social media account information; McShan claims that this evidence was used at his detention hearing. (*See* Doc. 4, p. 11). He claims that his attorney "never bothered to followup [sic] on the government's lack of producing evidence that search warrants for the phone ever existed." (*Id.*). The Government argues that there is no Seventh Circuit precedent indicating that motions to suppress both in detention hearings and to ineffective assistance of counsel claims. (*See* Doc. 12, p. 10 (citing *United States v. Tabb*, 125 F.3d 583 (7th Cir. 1997); *United States v. Shahbaz*, 2020 WL 5630509 (N.D. Ill. 2020); *Ginglen v. United States*, 2009 WL5108381 (C.D. Ill. 2009); *Robinson v.*

*United States*, 2006 WL2457520 (C.D. Ill. 2006))). The Government also argues that McShan failed to provide objective evidence that he would not have pleaded guilty but for his counsel's purported error in refusing to request copies of the search warrants and that McShan stipulated to the elements of the offense when he pleaded guilty, which did not include data from his cell phone. (*See id.*, p. 11).

McShan's argument here is also meritless. He admits that a search warrant existed when he cites Special Agent James's affidavit and yet claims that his counsel was ineffective specifically for failing to request a copy of that same warrant. (*See* Doc. 4, p. 11). As the Government notes, McShan provides no objective evidence that he would have refused to plead guilty but for his counsel's errors. (*See* Doc. 12, p. 11). He merely argues that his counsel's purported failure to request a copy of the search warrant and to file a motion to suppress the evidence obtained from McShan's cell phone represented ineffective assistance of counsel. (*See* Doc. 4, p. 11). As the Government had a warrant to search McShan's phone and vehicle, a motion to suppress would have been frivolous and Attorney Bas was not ineffective for failing to file such a motion. Moreover, McShan's entrance into an open plea removed his ability to argue that evidence should have been suppressed. (*See id.*, Ex. 3, p. 31). Therefore, this claim also fails.

### D.     Failure to Explain the Consequences of Waiving Rights

McShan next claims that Attorney Preston Humphrey, Jr., the federal public defender assigned to represent him in his first juvenile transfer hearing, "did not spend adequate time preparing with the Petitioner during his initial appearances and caused harm to the case and the Petitioner's rights from the beginning." (Doc. 4, p.

12). The Government argues that McShan cannot object to his appointed attorney's performance during his first juvenile transfer hearing when his motion to withdraw his waiver was granted by the Court, he retained Attorney Bas as new counsel, Attorney Humphrey withdrew, and he had a second juvenile transfer hearing. (*See* Doc. 12, p. 12). They also argue that his fourth claim is bereft of any evidence of negligence on the part of his counsel, as his counsel filed the requested motion, which this Court granted. (*See* id.).

This claim is also entirely without merit. McShan has provided no objective evidence that his attorney's performance was deficient such that he would have insisted on going to trial but for his attorney's errors. Moreover, as the Government emphasizes, McShan's motion to withdraw his waiver of his juvenile rights was granted and he retained new counsel for his second juvenile transfer hearing; he was given a second, fresh chance to waive his rights to proceed as a juvenile and did so knowingly, as discussed above. (*See* Doc. 12, p. 12). Thus, this claim also fails to meet the *Strickland* standard.

E.     **Failure to File a Direct Appeal or Explain the Appeal Process**

McShan's fifth claim is that Attorney Bas "failed to explain the process of direct appeal and which issues might be preserved, such as the certification to be tried as an adult." (Doc. 4, p. 13). In response, the Governments points to Attorney Bas's declaration (Doc. 12, Ex. 4) in which Attorney Bas states that he informed McShan that he would need to "let [Attorney Bas] know very quickly if he wanted to pursue an appeal or he would waive his right to appeal." (*Id.*, Ex. 4, p. 2).

The Seventh Circuit is clear that prejudice is established under *Strickland* if counsel is directed to file a notice of appeal and fails to do so. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes." (citing *Rodriquez v. United States*, 395 U.S. 327 (1969); *Peguero v. United States*, 526 U.S. 23, 28 (1999))). However, "[i]f counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* at 478.

Here, Attorney Bas's performance falls into the latter category, as his contract with McShan's mother expressly excluded appellate work, thus requiring McShan to explicitly request to retain Attorney Bas for appellate work. (*See* Doc. 12, Ex. 4, p. 2; Ex. 5, p. 1). As McShan wholly failed to request an appeal, the Court cannot speculate about what issues he may have raised. Quite simply, if McShan wished to file a direct appeal, he should have either contacted Attorney Bas within the fourteen-day window, retained new counsel, or requested an attorney be appointed. His failure to do so is dispositive here and renders this claim meritless.

### F.     Failure to Protect "Speedy Trial"

McShan next argues that his "Right to a Speedy Trial" was violated because Attorney Bas requested a continuance from this Court to "review discovery and stipulation of facts with his client" and failed to consult with McShan. (*See* Doc. 4, p. 14 (citing *United States v. McShan*, No. 21-cr-30116-SPM (S.D. Ill. 2022) (Docs. 17–18))). The Government argues that seeking a continuance is within the duties and responsibilities of counsel as part of trial strategy. (*See* Doc. 12, p. 14). Moreover, the Government notes that McShan informed the Court that he spoke with Attorney Bas prior to his plea hearing, thus expressly contradicting his statement that "[a]t no time during the 43 days did Mr. Bas consult with McShan, his client, requesting his disposition on waiving his rights to a speedy trial, nor did he review any of the discovery documentation with his client." (Doc. 4, p. 14).

McShan's claim is defective because he fails to provide any argument on how an earlier trial date would have changed the disposition of his case in any way. (*See id.*). Moreover, his argument is based on the claim that he did not speak with Attorney Bas between July 28, 2021 and September 10, 2021; McShan informed the Court under oath at his plea hearing that he saw the stipulation of facts "about a month ago. Couple weeks ago." (Doc. 12, Ex. 3, p. 17). As discussed above, there is a strong presumption "that representations made to a court during 'a plea colloquy are presumed to be true,'" *Hurlow*, 726 F.3d at 968 (quoting *Chavers*, 515 F.3d at 724, and a defendant must advance a "compelling explanation" for the variance between his statements under oath and arguments advanced afterward. *Peterson*, 414 F.3d at 827 (citing *Stewart*, 198 F.3d at 984; *Messino*, 55 F.3d at 1248; *Ellison*, 835 F.2d at

693). McShan's bare assertions here provide no explanation for why he disputes his own testimony under oath at his plea hearing. As this Court presumes that McShan's plea colloquy is true, McShan's claim here is meritless.

## G. Failure to Objection to Prosecution "Outside the Scope of Constitutional Authority"

McShan's final ineffective assistance of counsel claim argues that Attorney Bas should have challenged "the prosecution of the Petitioner outside the Scope of Constitutional Authority" because "[t]he limits of a purely local crime should be in State hands, not federal." (Doc. 4, p. 21). In other words, he argues that his conviction for Hobbs Act robbery is invalid because the stores he robbed (the Circle K in Okawville, Illinois and the Moto Mart in Breese, Illinois) do not engage in interstate commerce or affect interstate commerce on the "de minimis" basis required. (*See* Doc. 4, pp. 15–20; Doc. 12, pp. 16–17); *see also Taylor v. United States*, 579 US. 301 (2016); *United States v. Griffin*, 493 F.3d 856, 861 (7th Cir. 2007); *United States v. Watson*, 525 F.3d 583, 590 n.3 (7th Cir. 2008). The Government argues that, even if McShan produced evidence that the specific Circle K and Moto Mart stores only engaged in intrastate commerce (which he does not), "[a]fter being placed under oath, petitioner understood that when the court accepted the stipulation of facts, Petitioner gave up the ability to contest those facts." (Doc. 12, p. 17; *see id.*, pp. 17–18; id., Ex. 3, p. 17).

McShan's claim here is also meritless. He does not provide any factual details to indicate that the Circle K or the Moto Mart in question do not engage in interstate commerce. He also cannot contest his own statements made under oath without a "compelling explanation." *Peterson*, 414 F.3d at 827 (citing *Stewart*, 198 F.3d at 984;

*Messino*, 55 F.3d at 1248; *Ellison*, 835 F.2d at 693). Therefore, his seventh claim is factually deficient and must be dismissed.

## II.     Evidentiary Hearing

McShan has also requested an evidentiary hearing on his claims pursuant to § 2255(b). (*See* Doc. 4., p. 22). The Government argues that "[a]n evidentiary hearing is not required if the motion and the court record conclusively show that the petitioner is entitled to no relief." (Doc. 12, p. 6 (citing *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2017); *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002))). They argue that the "Petitioner's claims must be detailed and specific, and factual allegations cannot be 'vague, conclusory, or palpably incredible.'" (*Id.* (quoting *Martin*, 789 F.3d at 706) (citing *Galbraith*, 313 F.3d at 1009–10)). They argue that "[i]t is the petitioner's responsibility to allege detailed facts justifying a hearing, and there is no requirement for the Court to grant an evidentiary hearing to help the petitioner secure the evidence that he is missing." (*Id.* (citing *Galbraith*, 313 F.3d at 1009)).

This Court finds that an evidentiary hearing is not essential. *See Almonacid,* 476 F.3d at 521 (7th Cir. 2007); *see also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 4 ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."). McShan failed to provide the Court with a detailed and specific affidavit that demonstrated the *actual proof* of the allegations in his § 2255 Petition. *See Galbraith,* 313 F.3d at 1009 (7th Cir. 2002) ("It is the rule of the court that in

order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations that go beyond mere unsupported allegations."). This argument is therefore meritless and McShan's Petition must be dismissed in the entirety.

## CONCLUSION

For the reasons set forth above, Kymontus L. McShan's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court shall enter judgment accordingly and close this case on the Court's docket.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings in United States District Courts instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."

To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)); *see Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

As for McShan's claims of ineffective assistance of counsel, McShan has not made a substantial showing of the denial of a constitutional right. Having thoroughly

reviewed the record before the Court, the undersigned concludes that reasonable jurists would not find the disposition of that claim debatable or wrong. Accordingly, this Court **DENIES** issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:** March 7, 2024

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
